2013 ND 227

**In the Matter of the Reciprocal DISCI-PLINE OF John O. MURRIN, III, a Member of the Bar of the State of North Dakota.**

No. 20130355.

Supreme Court of North Dakota.

Dec. 18, 2013.

SUSPENSION ORDERED.

PER CURIAM.

[¶1] On November 4, 2013, the Disciplinary Board notified the Supreme Court under N.D.R. Lawyer Discipl. 4.4(D) that it was recommending the reciprocal discipline of John O. Murrin, III, a member of the bar of the State of North Dakota.

[¶2] The Record reflects that the Supreme Court of Minnesota filed its Order on September 19, 2012, suspending Murrin for six months for repeatedly filing voluminous and frivolous pleadings in three separate actions in three different courts and for violation of court orders. At the conclusion of Murrin's Minnesota suspension, he was required to petition for reinstatement to the practice of law in Minnesota.

[¶3] The Record further reflects on October 17, 2012, Disciplinary Counsel served Murrin notice under N.D.R. Lawyer Discipl. 4.4(B) that a certified copy of an order of discipline entered by the Supreme Court of Minnesota was received. The notice informed Murrin he had 30 days to file any claim that imposition of the identical discipline in North Dakota would be unwarranted and the reasons for the claim. In his response dated November 28, 2012, Murrin argued that his conduct warrants substantially different discipline in North Dakota under N.D.R. Lawyer Discipl. Conduct 4.4(D)(4), and that identical discipline is improper because the Minnesota disciplinary proceedings deprived him of due process. N.D.R. Lawyer Discipl. Conduct 4.4(D)(1). Murrin also argued that his conduct warrants substantially different discipline in North Dakota because his violation of court orders was negligent, not intentional.

[¶4] The matter was assigned to a hearing panel. A hearing was held on the matter on July 10, 2013. On November 4, 2013, the hearing panel filed its findings, conclusions and recommendation that Murrin be suspended for six months, with the suspension not to be considered to have run concurrently with his Minnesota suspension. The hearing panel recommended that Murrin's suspension be considered a short suspension under N.D.R. Lawyer Discipl. 4.5, meaning that Murrin is not required to petition for reinstatement to the practice of law in North Dakota. Finally, the hearing panel recommended Murrin be required to pay the costs and expenses of the disciplinary proceedings in the amount of $3,090.41.

[¶5] The Court considered the matter, and

[¶6] **ORDERED,** that Murrin is **SUSPENDED** from the practice of law in North Dakota for six months, effective February 1, 2014.

[¶7] **IT IS FURTHER ORDERED,** that Murrin's suspension is considered a short suspension under N.D.R. Lawyer Discipl. 4.5, and Murrin is not required to petition for reinstatement to the practice of law in North Dakota after the suspension.

[¶8] **IT IS FURTHER ORDERED,** that Murrin must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 9] **IT IS FURTHER ORDERED,** that Murrin pay the costs and expenses of these disciplinary proceedings in the amount of $3,090.41, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment.

[¶ 10] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DANIEL J. CROTHERS, JJ., concur.